NEW YORK DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

Chanetto Rivers,

                *Plaintiff*,

v.

THE CITY OF NEW YORK, JESS DANNHAUSER, Commissioner of the Administration for Children's Services, in his official capacity, YERIKA ABREU, in her individual capacity, and FRANK LAWANI, in his individual capacity,

                *Defendants*.

------------------------------------------------------------------------x

Case No. 1:23-CV-04084

**ANSWER**

        Defendants THE CITY OF NEW YORK and JESS DANNHAUSER, sued solely in his official capacity as the Commissioner of the Administration for Children's Services ("ACS"), YERIKA ABREU ("Abreu"), in her individual capacity, and FRANK LAWANI ("Lawani"), in his individual capacity (collectively, "Defendants"), by their attorney Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for their Answer to the Complaint (the "Complaint"), respectfully allege as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to proceed as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the Complaint.

        3.     Deny the allegations set forth in paragraph "3" of the Complaint and respectfully refer the Court to the cited materials for their full text and import.

4. Deny the allegations set forth in paragraph "4" of the Complaint and respectfully refer the Court to the cited material for its full text and import.

5. Deny the allegations set forth in paragraph "5" of the Complaint.

6. Deny the allegations set forth in paragraph "6" of the Complaint and respectfully refer the Court to the cited statutes and their legislative history for their full text and import.

7. Deny the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations in paragraph "8" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

## RESPONSE TO THE COMPLAINT'S PARAGRAPHS ENTITLED "PARTIES"

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in set forth paragraph "9" of the Complaint.

10. Admit the allegations set forth in paragraph "10" of the Complaint.

11. Admit the allegations set forth in paragraph "11" of the Complaint.

12. Paragraph "12" of the Complaint sets forth legal conclusions and questions of law to which no response is required. Defendants admit Abreu worked for ACS in 2021, and deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph "12."

13. Paragraph "13" of the Complaint sets forth legal conclusions and questions of law to which no response is required. Defendants admit that Lawani worked for ACS in 2021, and deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph "13."

## RESPONSE TO THE COMPLAINT'S PARAGRAPHS ENTITLED "JURISDICTION AND VENUE"

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that Plaintiff purports to assert federal jurisdiction as set forth therein and respectfully refer the Court to the cited statutory provisions for their full text and import.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that Plaintiff purports to assert venue in the Southern District of New York and respectfully refer the Court to the cited statutory provision for its full text and import.

## RESPONSE TO THE COMPLAINT'S PARAGRAPHS ENTITLED "STATEMENT OF FACTS"

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint, except admit that T.W, was born on August 28, 2021.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Admit, upon information and belief, the allegations set forth in the first sentence of paragraph "19" of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint, except admit the allegations set forth in paragraph "20" to the extent that that the Marihuana Regulation & Taxation Act ("MRTA") was enacted on March 21, 2021.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Admit, upon information and belief, the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint, and respectfully refer the Court to the cited statute and legislative history for their full text and import.

25. Deny the allegations set forth in  in the first sentence of paragraph "25" of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of allegations set forth in the second sentence of paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "27" of the Complaint and deny the remainder of the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint and respectfully refer the Court to the cited statutory provision for its full text and import.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint except admit that Lawani and Abreu participated in a Child Safety Conference on or about September 1, 2021.

33. Deny the allegations set forth in paragraph "33" of the Complaint except admit that ACS filed a neglect petition signed by Abreu against Plaintiff on or about September 2, 2021.

34. Deny the allegations set forth in paragraph "34" of the Complaint, and respectfully refer the Court to the cited Petition for its full text and import.

35. Deny the allegations set forth in paragraph "35" of the Complaint, and respectfully refer the Court to the cited petition for its full text and import.

36. Deny the allegations set forth in the first, second, fifth, and sixth sentences of paragraph "36" of the Complaint and respectfully refer the Court to the cited petition for its full text and import, and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the third and fourth sentences of paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint and respectfully refer the Court to the cited report for its full text and import.

38. Deny the allegations set forth in paragraph "38" of the Complaint and respectfully refer the Court to the cited Petition for its full text and import.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint and respectfully refer the Court to the cited Petition for its full text and import.

42. Deny the allegations set forth in paragraph "42" of the Complaint and respectfully refer the Court to the cited statute for its full text and import.

43. Deny the allegations set forth in paragraph "43" of the Complaint and respectfully refer the Court to the cited statute for its full text and import.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint and respectfully refer the Court to the cited statutory provision and court decision their full text and import.

45. Deny the allegations set forth in paragraph "45" of the Complaint and respectfully refer the Court to the cited All Staff Bulletin for its full text and import.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint and respectfully refer the Court to the cited materials for their full text and import.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

55. Admit the allegation set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint and respectfully refer the Court to the full transcript of proceedings before Judge Hettleman for its full text and import.

57. Deny the allegations set forth in paragraph "57" of the Complaint except admit that an emergency hearing under Family Court § 1027 was convened on or about September 2, 2021.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" except admit that T.W. was released to Plaintiff's custody.

63. Admit the allegations set forth in paragraph "63" of the Complaint to the extent that Judge Lopez credited testimony and evidence that Plaintiff smoked marijuana in the hospital and deny the remainder of the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence thereof.

65. Deny the allegations set forth in paragraph "65" of the Complaint.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint and respectfully refer the Court to the cited communication for its full text and import.

68. Deny the allegations set forth in paragraph "68" of the Complaint and respectfully refer the Court to the cited communication for its full text and import.

69. Deny the allegations set forth in paragraph "69" of the Complaint and respectfully refer the Court to the cited communication for its full text and import.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in the first sentence of paragraph "72" of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph "72" of the Complaint.

73. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph "73" of the Complaint and deny the allegations set forth in the second sentence of paragraph "73" of the Complaint.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the Complaint.

75. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the Complaint.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "76" of the Complaint.

77. Deny the allegations set forth in paragraph "77" of the Complaint.

78. Deny the allegations set forth in the first sentence of paragraph "78" of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph "78" of the Complaint.

79. Deny the allegations set forth in the first sentence of paragraph "79" of the Complaint and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of paragraph "79" of the Complaint.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "80" of the Complaint.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "81" of the Complaint.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint except admit that the neglect case against Plaintiff was voluntarily withdrawn on or about December 14, 2021.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "86" of the Complaint.

87. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "87" of the Complaint and respectfully refer the Court to the cited materials for their full text and import.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint and respectfully refer the Court to the report cited therein for its full text and import.

90. Deny the allegations set forth in paragraph "90" of the Complaint and respectfully refer the Court to the report cited therein for its full text and import.

91. Deny the allegations set forth in paragraph "91" of the Complaint and, without conceding the truth or accuracy of the statements contained therein, respectfully refer the Court to the article cited therein for its full text and import.

92. Deny the allegations set forth in paragraph "92" of the Complaint and respectfully refer the Court to the testimony cited therein for its full text and import.

93. Deny the allegations set forth in paragraph "93" of the Complaint

94. Deny the allegations set forth in paragraph "94" of the Complaint and respectfully refer the Court to the cited report for its full text and import.

95. Deny the allegations set forth in paragraph "95" of the Complaint and respectfully refer the Court to the cited report for its full text and import.

96. Deny the allegations set forth in the first three sentences of paragraph "96" of the Complaint and respectfully refer the Court to the cited report for its full text and import and deny the allegations set forth in the fourth sentence of paragraph "96" of the Complaint, except admit that ACS produced documents to Plaintiff pursuant to a Freedom of Information Law ("FOIL") request.

97. Deny the allegations set forth in paragraph "97" of the Complaint

98. Deny the allegations set forth in paragraph "98" of the Complaint and respectfully refer the Court to the cited report for its full text and import.

99. Deny the allegations set forth in paragraph "99" of the Complaint and respectfully refer the Court to the cited report for its full text and import.

100. Deny the allegations set forth in paragraph "100" of the Complaint and respectfully refer the Court to the cited reports for their full text and import.

101.  Deny the allegations set forth in paragraph "101" of the Complaint and respectfully refer the Court to the cited Administrative Directive for its full text and import.

102.  Deny the allegations set forth in paragraph "102" of the Complaint and respectfully refer the court the cited Appendix and testimony for their full text and import.

103.  Deny the allegations set forth in paragraph "103" of the Complaint.

104.  Deny the allegations set forth in paragraph "104" of the Complaint, except admit that the National Innovation Service commenced an audit for ACS in 2020 (the "NIS Audit") and respectfully refer the Court to the cited testimony for its full text and import.

105.  Deny the allegations set forth in paragraph "105" of the Complaint and respectfully refer the Court to the cited testimony for its full text and import.

106.  Deny allegations set forth in paragraph in paragraph "106" of the Complaint and respectfully refer the Court to the NIS Audit cited therein for its full text and import.

107.  Deny the allegations set forth in paragraph "107" of the Complaint and respectfully refer the Court to the NIS Audit cited therein for its full text and import.

108.  Deny the allegations set forth in paragraph "108" of the Complaint and respectfully refer the Court to the NIS Audit cited therein for its full text and import.

109.  Deny the allegations set forth in paragraph "109" of the Complaint and respectfully refer the Court to the NIS Audit cited therein for its full text and import.

110.  Deny the allegations set forth in paragraph "110" of the Complaint and respectfully refer the Court to the NIS Audit cited therein for its full text and import.

111.  Deny the allegations set forth in paragraph "111" of the Complaint and respectfully refer the Court to the NIS Audit cited therein for its full text and import.

112. Deny the allegations set forth in paragraph "112" of the Complaint and respectfully refer the Court to the NIS Audit cited therein for its full text and import.

113. Deny the allegations set forth in paragraph "113" of the Complaint and respectfully refer the Court to the NIS Audit cited therein for its full text and import.

114. Deny the allegations set forth in paragraph "114" of the Complaint and respectfully refer the Court to the NIS Audit cited therein for its full text and import.

115. Deny the allegations set forth in paragraph "115" of the Complaint and respectfully refer the Court to the NIS Audit cited therein for its full text and import.

116. Deny the allegations set forth in paragraph "116" of the Complaint and respectfully refer the Court to the NIS Audit cited therein for its full text and import.

117. Deny the allegations set forth in paragraph "117" of the Complaint and respectfully refer the Court to the NIS Audit cited therein for its full text and import.

118. Deny the allegations set forth in paragraph "118" of the Complaint and respectfully refer the Court to the NIS Audit cited therein for its full text and import.

119. Deny the allegations set forth in paragraph "119" of the Complaint and respectfully refer the Court to the NIS Audit cited therein for its full text and import.

120. Deny the allegations set forth in paragraph "120" of the Complaint, except admit that the NIS Audit was issued in December 2022.

121. Deny the allegations set forth in paragraph "121" of the Complaint.

122. Deny the allegations set forth in paragraph "122" of the Complaint.

123. Deny the allegations set forth in paragraph "123" of the Complaint except admit that the Bronx Defenders submitted a FOIL request to ACS seeking information regarding the NIS Audit.

124. Deny the allegations set forth in paragraph "124" of the Complaint except admit that ACS responded to the Bronx Defender's FOIL request on April 27, 2022.

125. Deny the allegations set forth in paragraph "125" of the Complaint except admit that ACS further responded to the Bronx Defender's FOIL request on December 13, 2022.

126. Deny the allegations set forth in paragraph "!26" of the Complaint and respectfully refer the Court to the cited materials for their full text and import.

127. Deny the allegations set forth in paragraph "127" of the Complaint.

128. Deny knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph "128" of the Complaint.

129. Deny the allegations set forth in paragraph "129" of the Complaint.

130. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "130" except admit that the New York State Legislature enacted the MRTA on or about March 31, 2021, and respectfully refer the Court to the statute for its full text and import.

131. Deny the allegations set forth in paragraph "131" of the Complaint and respectfully refer the Court to the MRTA for its full text and import.

132. Deny the allegations set forth in paragraph "132" of the Complaint and respectfully refer the Court to the MRTA and its legislative history for their full text and import.

133. Deny the allegations set forth in paragraph "133" of the Complaint.

134. Deny the allegations set forth in paragraph "134" of the Complaint.

135. Deny the allegations set forth in paragraph "135" of the Complaint and respectfully refer the Court to the MRTA for its full text and import.

136. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "136" of the Complaint and respectfully refer the Court to the MRTA for its full text and import.

137. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "137" of the Complaint.

138. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "138" of the Complaint.

139. Deny the allegations set forth in paragraph "139" of the Complaint.

140. Deny the allegations set forth in paragraph "140" of the Complaint.

141. Deny the allegations set forth in paragraph "141" of the Complaint.

142. Deny the allegations set forth in paragraph "142" of the Complaint.

143. Deny the allegations set forth in paragraph "143" of the Complaint.

**RESPONSE TO THE COMPLAINT'S PARAGRAPHS
ENTITLED "FIRST CAUSE OF ACTION"**

144. In response to paragraph "144" of the Complaint, Defendants repeat and reallege each and every of their prior responses to the allegations set forth in paragraphs "1"-"143" as if fully set forth herein.

145. Deny the allegations set forth in paragraph "145" of the Complaint.

146. Deny the allegations set forth in paragraph "146" of the Complaint.

147. Deny the allegations set forth in paragraph "147" of the Complaint.

148. Deny the allegations set forth in paragraph "148" of the Complaint.

149. Deny the allegations set forth in paragraph "149" of the Complaint.

### RESPONSE TO THE COMPLAINT'S PARAGRAPHS
### ENTITLED "SECOND CAUSE OF ACTION"

150. In response to paragraph "150" of the Complaint, Defendants repeat and reallege each and every of their prior responses to the allegations set forth in paragraphs "1"-"149" as if fully set forth herein.

151. Deny the allegations set forth in paragraph "151" of the Complaint.

152. Deny the allegations set forth in paragraph "152" of the Complaint.

153. Deny the allegations set forth in paragraph "153" of the Complaint.

154. Deny the allegations set forth in paragraph "154" of the Complaint.

155. Deny the allegations set forth in paragraph "155" of the Complaint.

### RESPONSE TO THE COMPLAINT'S PARAGRAPHS
### ENTITLED "THIRD CAUSE OF ACTION"

156. In response to paragraph "156" of the Complaint, Defendants repeats and reallege each and every of their prior responses to the allegations set forth in paragraphs "1"-"155" as if fully set forth herein.

157. Deny the allegations set forth in paragraph "157" of the Complaint.

158. Deny the allegations set forth in paragraph "158" of the Complaint.

159. Deny the allegations set forth in paragraph "159" of the Complaint.

160. Deny the allegations set forth in paragraph "160" of the Complaint.

### RESPONSE TO THE COMPLAINT'S PARAGRAPHS
### ENTITLED "FOURTH CAUSE OF ACTION"

161. In response to paragraph "161" of the Complaint, Defendants repeat and reallege each and every of their prior responses to the allegations set forth in paragraphs "1"-"160" as if fully set forth herein.

162. Admit the allegations set forth in paragraph "162" of the Complaint.

163. Deny the allegations set forth in paragraph "163" of the Complaint.

164. Deny the allegations set forth in paragraph "164" of the Complaint.

165. Deny the allegations set forth in paragraph "165" of the Complaint.

166. Deny the allegations set forth in paragraph "166" of the Complaint.

### RESPONSE TO THE COMPLAINT'S PARAGRAPHS ENTITLED "FIFTH CAUSE OF ACTION"

167. In response to paragraph "167" of the Complaint, Defendants repeat and reallege each and every of their prior responses to the allegations set forth in paragraphs "1"-"166" as if fully set forth herein.

168. Deny the allegations set forth in paragraph "168" of the Complaint and respectfully refer the Court to the MRTA for its full text and import.

169. Deny the allegations set forth in paragraph "169" of the Complaint and respectfully refer the Court to the MRTA for its full text and import.

170. Deny the allegations set forth in paragraph "170" of the Complaint.

171. Deny the allegations set forth in paragraph "171" of the Complaint.

### FIRST DEFENSE:

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE:

The equities do not favor Plaintiff in this matter.

### THIRD DEFENSE:

At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably, lawfully, properly, constitutionally, without malice, and in good faith.

### FOURTH DEFENSE:

Defendant Dannhauser is immune under the doctrine of qualified immunity.

- 17 -

**FIFTH DEFENSE:**

Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any of its political subdivisions.

**SIXTH DEFENSE:**

Some or all of the Plaintiff's claims against Defendants are barred on ripeness, mootness and/or other justiciability grounds.

**SEVENTH DEFENSE:**

Some or all of the Plaintiff's claims against Defendants are barred on equitable grounds, including but not limited to laches, unclean hands, and estoppel.

**EIGHTH DEFENSE:**

Some or all of the Plaintiff's claims against Defendants are time-barred under the relevant statutes of limitation.

**NINTH DEFENSE:**

Some or all of Plaintiff's state law claims are barred by reason of Plaintiff's failure to comply with a mandatory condition precedent to suit.

- 18 -

**TENTH DEFENSE:**

Some or all of Plaintiff's state law claims are barred because the MRTA provides no private right of action.

Dated:     New York, New York
           July 10, 2023

                              HON. SYLVIA O. HINDS-RADIX
                              Corporation Counsel of the
                               City of New York
                              Attorney for Defendants
                              100 Church Street
                              New York, New York 10007
                              (212) 356-1958

                 By:     /s/ *Eric B. Hiatt*_____
                                   Eric B. Hiatt
                                   Assistant Corporation Counsel
                                   erihiatt@law.nyc.gov